UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARLTON M. MARBURY, | ) | Case No.: 5:11 CV 2156 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| KIMBERLEY CLIPPER, WARDEN, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On October 12, 2011, Petitioner Carlton Marbury ("Marbury" or "Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition," ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction for trafficking in and possession of cocaine with a major drug offender specification. For the following reasons, the court adopts as its own the Magistrate Judge's Report and Recommendation, and denies Marbury's Petition.

Marbury raised two grounds for relief in his Petition. First, he claimed that he was deprived of his constitutional right to effective assistance of counsel. He maintained that his trial counsel filed a "baseless" motion to suppress and did not withdraw it until immediately prior to trial, which tolled the speedy trial measuring date under Ohio Law and caused him to be unable to move to dismiss the case for want of a speedy trial. (*Id.* at 4-5.) Petitioner then states that his counsel was also ineffective when he failed to file a motion to dismiss the case for a violation of his speedy trial rights. (*Id.* at 5.) Petitioner also states he was deprived of effective assistance of counsel when his trial counsel "failed to safeguard [his] rights to confront his accusers under the Confrontation Clause by allowing an Ohio State Highway Patrolman to testify on the witness stand that [his] co-defendant

[John Leonard] admitted that he was driving the vehicle between Canton and Cleveland to traffic in illegal drugs." (*Id*. at 5.)[1]

Second, Petitioner claimed that he was deprived of his constitutional right to confront his accuser, for the reasons stated above, in violation of *Bruton v. United States*, 391 U.S. 123 (1968). (*Id*. at 5.) Petitioner argued that the judge's curative instruction on the State Highway Patrolman's testimony was ineffective to cure this Confrontation Clause violation. (*Id*. at 6.) Petitioner stated that the trial judge, before giving his curative instruction, "informed the prosecutor at sidebar that the officer's testimony is 'absolutely inadmissible' and stated the only issue is 'whether or not it's plain error.'"(*Id*. at 7.) Petitioner also claimed, in his traverse (ECF No. 8), that his rights under *Bruton* were also violated when State Highway Officer Menges testified to statements made by Leonard. (*Id.*) Finally, Petitioner also claimed a *Bruton* violation occurred when a police investigator testified to statements made by Leonard. (*Id.*) Petitioner argued that because his trial counsel failed to make timely objections to these statements, he was unfairly prejudiced. (*Id.*)

This case was referred to Magistrate Judge George J. Limbert for preparation of a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation ("R & R") on December 18, 2012, recommending that final judgment be entered in favor of the Respondent and that Marbury's Petition be denied. (ECF No. 10.) Specifically, the Magistrate Judge first found that Petitioner procedurally defaulted his first ineffective assistance of counsel claim, regarding the filing of a 'frivolous' motion to suppress, resulting in the tolling of the speedy trial clock. (*Id*. at 13.) Magistrate Judge Limbert found that "[s]ince Petitioner failed to raise the claim of ineffective

---

[1]Petitioner erroneously states in his Petition that an Ohio State Highway Patrolman was testifying to these statements, but it was in fact ATF Special Agent Hopkins.

assistance of counsel in filing a 'frivolous' motion to suppress in the Ohio court of appeals, this claim was not preserved for appeal to the Ohio Supreme Court." (*Id.*) Second, Magistrate Judge Limbert found that Marbury's second ineffective assistance of counsel claim, regarding his trial counsel's failure to file a motion to dismiss for want of a speedy trial, was not well-taken because "the Ohio appellate court's determination on this issue is not unreasonable or contrary to *Strickland* or the constitutional right to a speedy trial." (*Id.* at 14.) Specifically, Magistrate Judge Limbert found that the Petitioner did not show that but for his counsel's failure to file a motion to dismiss based on the "frivolous" motion to suppress, his trial date would not have been tolled for the purposes of a speedy trial claim, as several other events caused the speedy trial clock to be tolled. (*Id.*)

Magistrate Judge Limbert also found that Petitioner's Confrontation Clause arguments were not well-taken when the trial court's record was examined. (*Id.* at 20.) Petitioner's claim that ATF Special Agent Hopkins testified to statements made by Leonard did not match the trial transcript, which indicated that Hopkins was in fact testifying to statements made by Sergeant Dittmore of the Canton Police Department, thus not constituting a *Bruton* violation. (*Id.*) Furthermore, Magistrate Judge Limbert also found that the trial court's curative instruction, which Petitioner uses as support for a *Bruton* violation claim, in fact related to a different statement made by Agent Hopkins, one which Petitioner did not challenge on appeal or in his Petition. (*Id.* at 22-23.) The Magistrate Judge also found that Marbury had procedurally defaulted on his claim that State Highway Officer Menges's testimony to statements made by Leonard (one of the statements which the trial court stated were inadmissible) when he failed to raise this issue in his assignments of error before the Ohio appellate court. (*Id.* at 22.) Magistrate Judge Limbert also found that the testimony of the

-3-

police investigator did not amount to a *Bruton* violation, and that the trial court's statement that this testimony was inadmissible was in fact in relation to another piece of testimony that Marbury did not challenge on appeal. (*Id*. at 21.)

Marbury filed Objections to the Report and Recommendation on December 30, 2012. (ECF No. 11.) Marbury's Objections are not well-taken. Petitioner contends that the Magistrate Judge erred when finding that Petitioner had failed to raise the claim of ineffective assistance of counsel for filing a frivolous motion, resulting in the tolling of the speedy trial clock. (*Id*. at 1-2.) Petitioner claims that he did raise this claim in his appeal. However, a close look at Petitioner's appellate brief submitted to the Ohio appellate court reveals that his assignment of error was for ineffective assistance of counsel relating to his counsel's failure to file a motion to dismiss for want of a speedy trial. (ECF No. 6-12 at 10.) Though Petitioner does discuss his counsel's filing of an "ethereal" motion to suppress, this is not the error argued in the brief as the basis for vacating his conviction. (*Id.*) The court finds that the R & R clearly addresses the assignment of error for failing to file a motion to dismiss for want of a speedy trial, and the Magistrate Judge properly found that Petitioner's right to a speedy trial had not been violated because of several other tolling events. The court also notes that Marbury did not file any objections to the R & R's treatment of his ineffective assistance of counsel claim regarding the failure to file a motion to dismiss for want of a speedy trial.

Marbury also contends that the Magistrate Judge's R & R "implies that any *Bruton* violation was cured by the trial court's instruction, which the Supreme Court and the Ohio appellate courts have noted cannot always be effective." (ECF No. 11 at 3.) However, the Magistrate Judge's R & R clearly explains that the curative instruction did not relate to the statement challenged under *Bruton* by Petitioner. Instead, the R & R explains that the curative instruction related to another

-4-

statement made by Special Agent Hopkins, which Petitioner does not challenge. Petitioner also argues that the R & R "implies that Petitioner failed to object to the *Bruton* violation concerning Agent Hopkins's testimony about statements made by John Leonard, and suggests that Petitioner is challenging 'information received from Sergeant Dittmore,'" where he in fact was challenging testimony from John Leonard. (*Id.*) However, the 2254 Petition cites to a statement made by Sergeant Dittmore, and not John Leonard, as the R & R correctly states. This citation is the same one Petitioner used in his appellate brief, contrary to what he argues in his Objection. The court has looked at the trial transcript, which again confirms that the statement was made by Sergeant Dittmore to Special Agent Hopkins. (ECF No. 8-5 at 97-98.) Therefore, Magistrate Judge Limbert correctly addressed the statement challenged by Petitioner.

After carefully reviewing the Report and Recommendation, Petitioner's Objections, and all other relevant materials in the record, the court finds that the Magistrate Judge's conclusions are fully supported by the record and the controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation. (ECF No. 10.)

Consequently, Marbury's Petition is hereby denied, and final judgment is entered in favor of Respondent. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

January 30, 2013